# CHARLESTON.

### Clark, Trustee, v. Talbott.

Submitted February 6, 1912. Decided February 18, 1913.

Evidence—*Parol Evidence—Note Executed by Agent.*

> If a note on its face is the undertaking of the agent only, no reference being made to his representative character, parol evidence will not be allowed to exonerate the agent, whether the principal was known or unknown at the time the note was executed; but if the note bears on its face appellation indicating that it was signed in a representative capacity, parol evidence is admissible, as against an immediate party or a holder with notice, to show that the obligation is that of a principal only and that it was so understood when the note was executed.

Error to Circuit Court, Monroe County.

Action by R. L. Clark, trustee, against W. M. Talbott. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*J. H. Crosier* and *R. L. Clark,* for plaintiff in error.

*J. L. Rowan,* for defendant in error.

ROBINSON, JUDGE:

Plaintiff, trustee of a bank in the closing out of its affairs, sought judgment against defendant on a note held by the bank. The court, having heard the case in lieu of a jury, found for defendant, and entered judgment accordingly.

By this writ of error, plaintiff comes and says that the court allowed the terms of the note, a written contract, to be changed by parol evidence, so that defendant was erroneously exonerated from liability thereon, and that for such alleged error the judgment must be reversed.

A copy of the note and of that part of the bill of exceptions showing the parol evidence excepted to fully presents the case we are to consider:

"$81.00                          UNION, W. VA., Feb. 17, 1904.

Sixty days after date I promise to pay to E. E. Meador or order Eighty-one Dollars.   Negotiable and payable at Bank of Union, W. Va.

28703, Apr. 20.                           W. M. TALBOTT, Agt..

(Endorsement on back.)

E. E. Meador.

W. M. Talbott, Agt."

"The court allowed and permitted the defendant to introduce witnesses and prove by them that the defendant was at the time of the execution of the negotiable note sued on the agent of E. E. Meador; that he signed said note and became the maker thereof in order to accommodate E. E.. Meador, by enabling him to have said note discounted by the Bank of Union, West Virginia; that while his signature to said note of 'W. M. Talbott, Agent,' did not disclose his principal, that it was well and generally known that he was doing business for E. E. Meador; that he was the agent of E. E. Meador; and that the said Bank of Union, which discounted the note sued on for E. E. Meador, knew at the time that he was the agent for E. E. Meador; that this fact was well known to the cashier of said The Bank of Union; that it was known to J. D. Logan, president of the said bank; that it was known to at least a part of the directors of said bank; that when said bank discounted the said note sued on, E. E. Meador received the proceeds of same; that the defendant received

no part of the proceeds of said note when discounted by the said bank; that the defendant, W. M. Talbott, was the manager of a store for his principal, E. E. Meador, that by reason of this fact, it became well known in the community and also to the said The Bank of Union that the defendant was the agent of E. E. Meador; that said bank discounted said note, well knowing that he was only an agent and that his undisclosed principal was the said E. E. Meador."

Was it error to allow defendant to show that the note was in fact the obligation of E. E. Meador, and thereby to release defendant from liability? Has the rule that a written contract can not be altered by parol evidence been violated?

By much authority it is asserted that an agent can not be exonerated from liability as maker of a note by parol evidence that he signed for a principal whom the note does not disclose on its face. On this proposition, plaintiff relies for a reversal of the judgment. But a careful review of the manifold and variant decisions makes us to quote approvingly that which is stated in a reliable authority:

"To extract general principles from these cases whose conflict is so great as to amount, in the language of a recent case, almost to anarchy, is manifestly difficult. It will be obvious that the question is of importance in two classes of cases:

1. Those involving the rights of the immediate parties to the instrument only.

2. Those involving the rights of third persons.

Respecting this question, however, these general rules may be evolved:

I. Where the paper on its face is the undertaking of the agent only, no reference being made on its face to representative capacity, and where the paper on its face is unmistakably the principal's, parol evidence will not be received, in the one case to exonerate, and in the other to charge the agent.

II. But where the paper bears on its face some reference to a principal, or some appellation indicating representative character, while it is undoubtedly true that the mere addition of the word 'agent,' 'trustee,' 'treasurer' and the like, or the mere recital in the body of the instrument that the person signing is such agent, treasurer, or trustee of a principal named or un-

named, is, as has been seen, to be regarded *prima facie,* as *descriptio personae* merely and not as characterizing the act as one done in representative capacity; and while it is also true, as a general rule, that parol evidence is not admissible to exonerate an agent from a contract into which he has personally entered, yet it is believed that the preponderance of authority will warrant the statement of the rule that:

1. Between the immediate parties to a bill or note, parol evidence is admissible to show:

a. That, by a course of dealing between the parties, that form of execution has become to be the recognized and adopted form by which the obligation of the principal is entered into; or

b. That the instrument was, to the knowledge of the parties, intended to be the obligation of the principal and not the agent, and that it was given and accepted as such;

c. That an instrument which is so ambiguous upon its face as to render it uncertain who was intended to be bound, was known to be intended to be the obligation of the principal.

2. Between one of the original parties and a third party, such evidence is admissible to make either of the lines of proof mentioned above:

a. Where the third person is not a *boni fide* holder; or

b. Where the instrument bears sufficient evidence upon its face, or is so ambiguous, as to fairly put a reasonably prudent man upon inquiry.

As to this last subdivision it may be said that a mere addition of the word 'agent,' 'trustee,' etc., without disclosing the principal is not sufficient to make third persons chargeable with the notice of any representative relation of the signer; but the form of executing may be such as to well awaken the suspicion of third persons. Thus where a check was signed 'W. G. Williams, V-Pres.' and 'E. P. Aistrop, Sec'y.' the Supreme Court of the United States said: 'The fact that it bore two official signatures, that of the complainant as vice-president, and of Aistrop as secretary, is so unusual on the hypothesis of its being an individual transaction and points so distinctly to an official origin, that it may very well be doubted whether any holder could claim to be innocently ignorant of its true character.'

III. As between the principal and the agent, the more mod-

ern cases hold that it is competent for the agent to show that what appears to be the agent's obligation is in fact the principal's.

Consideration of these rules will show that they are not in conflict with established principles. They are not for the purpose, nor have they the effect, to exonerate the agent from a liability assumed by him. They go deeper than that. They permit the agent to show that what appears upon its face to be his contract never was his contract, but is in reality the contract of another; and the rule is limited in its operation to those who either had actual knowledge of the true state of the case at the time of its inception, or who have taken the paper under such circumstances as would put a reasonably prudent man upon inquiry." Mechem on Agency, secs. 443 and 444.

In the same behalf, another work deduces from the cases a similar conclusion:

"If a simple contract, on its face, is the undertaking of the agent only, no reference being made on its face to representative capacity, parol evidence will not be received to exonerate the agent, whether the principal was known or unknown at the time the contract was executed. But if the paper bears on its face some reference to a principal, or some appellation indicating representative capacity, thereby suggesting doubt as to the character in which defendant acted, parol evidence is admissible to show that the contract was in fact that of defendant's principal and that it was so understood between defendant and the other contracting party." 31 Cyc. 1660.

In the light of these principles, we hold that the parol evidence to which objection was made was properly admissible. The judgment will therefore be affirmed.

*Affirmed.*